Matthew Tye, Bar #232873
24 Midsummer
Irvine, CA 92620
Telephone: (949) 290-9943
mctye66@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETHANN SHIKLES<br><br>    Plaintiff<br>  v.<br><br>STRATFORD INVESTMENT GROUP, LLC, TYRONE BARNES, AND DOES 1-10<br><br>    Defendants | Case No. SACV 09-484-JVS(MLGx)<br><br>ORDER RE: PRELIMINARY INJUNCTION |

"The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in some cases)." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985)). In the Ninth Circuit, "the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Textile Unlimited, Inc. v. A.BMH & Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases

as the probability of success decreases." <u>Miller v. Cal. Pac. Med. Ctr.</u>, 19 F.3d 449, 456 (9th Cir. 1994).

Having considered the moving, opposition, and reply papers, as well as the declarations and attachments thereto, and following a hearing on April 30, 2008, the Court GRANTS the preliminary injunction and makes the following findings:

1. The balance of hardships tips substantially in favor of plaintiff.

2. Plaintiff has raised serious questions with regard to defendants' liability under the following theories:

-- Violation of Truth in Lending Act and the Home Owners Equity Protection Act apply to Defendants on the theory that defendants are creditors with respect to "high cost" loan subject to the requirements of 12 C.F.R. § 226.32.

--This mortgage would have been a covered loan under California Finance Code if the loan had been structured as a closed end loan, and it was structured as an open-end credit plan for the purpose of evading predatory lending laws.

--The broker arranged exception to California Usury laws does not apply to this mortgage, and the loan is thus usurious.

3. If injunctive relief is not granted, plaintiff will suffer irreparable harm through foreclosure.

4   Preservation of the status quo is in the public interest.

It is therefore ORDERED:  Defendants, their officers, agents, servants, employees, assigns, and attorneys, and other persons who are in active concert or participation with the above, shall be enjoined from noticing or carrying out a trustee's sale of the real property located at 1411 Sycamore Avenue, Tustin, CA 92780.

Plaintiff shall post a bond in the amount of $2,500 within seven days.

Date: May 01, 2009

_____
JAMES V. SELNA
United States District Judge

cc: FISCAL